CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 7 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

KYLE WENDELL SKEEN, III,
    Petitioner,

Civil Action No. 7:07-cv-00583

v.

**MEMORANDUM OPINION**

MR. GENE M. JOHNSON,
    Respondent.

**By: Hon. Glen E. Conrad**
**United States District Judge**

Petitioner, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his convictions under the August 6, 2003, jury verdict in the Circuit Court of Washington County, Virginia, for second degree murder and the use of a firearm in committing a crime. On January 15, 2008, this court dismissed the petition for petitioner's failure to timely pay the filing fee, consent to the withholding of the filing fee from his inmate account, or apply to proceed in forma pauperis. However, the court has learned that, on December 21, 2007, petitioner submitted the filing fee, the receipt of which was not entered upon the docket in this case. Because the filing fee has been received, the court will vacate its order of January 15, 2008.

Nonetheless, upon further consideration of the petition the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief. Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state

court with jurisdiction to consider the claim.  See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999).

In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending

on the nature of the claims raised.  First, the inmate can file a direct appeal to the Virginia Court of

Appeals, with a subsequent appeal to the Supreme Court of Virginia  if the Court of Appeals rules

against him/her.  Second,  the inmate can attack the conviction collaterally by filing a state habeas

petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision

to the Supreme Court of Virginia. See Va. Code § 8.01-654(A)(1) and § 17.1-411.  Finally, the

inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of

Virginia.  Id.  Whichever route the inmate chooses to follow, it is clear that the inmate ultimately

must present the claims to the Supreme Court of Virginia and receive a ruling from that court before

a federal district court can consider them.

In this case, the petition clearly shows that petitioner has not presented his claims to the

Supreme Court of Virginia as required.  Petitioner's failure to exhaust the state remedies mandates

summary dismissal of the petition by this court.*  An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and

final order to petitioner.

**ENTER**: This ___7ᵗʰ___ day of February, 2008.

_Jse y Conrad_
United States District Judge

---

* Petitioner may re-file his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described.  Petitioner is advised, however, that his time to file state or federal habeas petitions is limited.  See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

2